SullivAN, J.
Moorehouse and others filed a .petition in the Marion Circuit Court against the administrators, widow, and heirs of J. B. E. Reed, deceased, representing that on, &c., they obtained a judgment in the Marion Circuit Court against *the administrators of said Reed, upon a debt due to them from the intestate in his lifetime, that they had issued execution against the goods and chattels &c., which had been returned nulla bona; that the judgment remained unsatisfied; that there were lands in the county of Hancock belonging to the estate of Reed, &c.; and prayed the Court to award execution in their favour against said lands. There were two pleas. On the first issue was taken, which was found for the plaintiffs. The second plea was, that there was a terre-tenant, &c., one J. H., who was not made a party, &c. General demurrer to the second plea and joinder, on which the Court gave judgment for the petitioners.
The first question to be determined is, as to the sufficiency of the petition.
The statute directs, that no real estate of any testator or intestate shall be subject to execution, upon any judgment against the executor or administrator of such testator or intestate, unless the heirs of such intestate, the devisees of such testator, and the terre-tenants of such real estate, be first made parties thereto, &c. Rev. Stat., 1838, p. 284.
The petition before us omits to make the terre-tenants parties to the suit. We think it is substantially defective in that particular, or in not giving a reason for the omission, and that the defect may be taken advantage of on writ of error or appeal. If there were no terre-tenants, it should have been *230 averred, that tbe Court might have been informed that all persons, whose interests could be affected in any manner, were before the Court. It is a rule, that in all cases where the inheritance or freehold is affected, the tenant of the freehold is to be made a party. 6 Bac. Abr. tit. scire facias, p. 113, 114.
P. Sweetser, for the appellants.
C. Fletcher, 0. Butler, and S. Yandes, for the appellees.
In Welborn v. Jolly, 4 Blackf., 279, the same construction was put upon a statute in many respects similar to the one under consideration. The scire facias, which omitted to make the executor or administrator and the terre-tenant, together with the heir, parties to the suit, or show cause for the omission, was held to be insufficient.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.